JONES, JUDGE:
The claimants in this case, A. D. Strader and Eulah M. Strader, contend that the respondent, Department of Highways, acted negligently during the construction of Interstate 70 in the spring and summer of 1970, by collecting water from the right of way and casting it upon property owned by them in Elm Grove, Ohio County, West Virginia, and thereby damaging the claimants’ driveway.
It appears from the testimony in this case that the drainage of surface water in the vicinity of the claimants’ and their neighbors’ property had never been a problem, but in the course of construction of the highway, houses, trees, grass and other vegetation were removed from the right of way above these properties, greatly increasing the runoff. As a temporary measure, the respondent constructed a ditch to carry water from a culvert to a drop inlet above the claimant’s property. During heavy rains the ditch and drop inlet overflowed and large quantities of water were diverted to and upon the claimants’ driveway. In April, 1970, the claimants’ tenant telephoned them in Florida advising that the driveway was covered with water and that portions of the driveway had been washed away. The claimants hurried home, inspected the damage, reported their loss to the respondent, and employed the Tri-State Asphalt Corporation to make an examination and estimate of the damage. Shortly thereafter, as the highway construction neared completion, the permanent drainage of the right of way, along with reseeding and replanting the graded surfaces, effectively eliminated the surface water problem. Temporary repairs, filling the deepest holes, were made by the claimants at a cost of $108.68.
*145 The claimants produced an expert witness who testified that damage to the driveway was the result of water getting under it, causing it to “hoove up”, that the claimants’ property had depreciated in value by the amount it would cost to repair the damage, and that the sum of $896.00 was a fair and reasonable estimate of the cost of necessary repairs as of July 1, 1970. The same expert witness again examined the property on June 9, 1972 and testified that damages to the driveway had risen to $1,475.00 to $1,500.00.
During the opening statement of counsel for the claimants at the hearing of this case, the Court permitted the amendment of the amount of the claim upward to $1,500.00. It now appears from the evidence that the additional damages claimed are the result of normal deterioration and the failure of the claimants to mitigate damages by making timely repairs.
There also was a motion by counsel for the respondent to dismiss this claim as not having been filed within the two-year period of limitation provided by the pertinent State statute, but it clearly appears from the evidence that the claim was filed prior to the running of the statute and said motion is overruled.
The originally claimed amount of damages in the sum of $896.00 was not effectively contradicted by the respondent and the Court being of opinion that the claimants have proved their right to recover in this case, an award is hereby made to the claimants, A. D. Strader and Eulah M. Strader, in the amount of $896.00.
Award of $896.00.